## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

|  |  |  |
|---|---|---|
| **Kay H. Parker** | ) | **Civil Action No.:** |
|  | ) |  |
| **Plaintiff,** | ) |  |
|  | ) |  |
| **vs.** | ) | **COMPLAINT** |
|  | ) |  |
| **Wells Fargo Bank, N.A.,** | ) | **JURY TRIAL DEMANDED** |
|  | ) |  |
| **Defendant.** | ) |  |

## COMPLAINT

1. This is an action brought by the Plaintiff, Kay Parker, for statutory damages, trebled due to Defendant's willfulness, for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") as well as for actual and statutory damages, attorneys' fees, and costs for Defendant's violations of the South Carolina Consumer Protection Code, §37-5-108, and South Carolina common law.

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 28 U.S.C. §1332 and §1367. Plaintiff's claims are made against an out of state entity and the amount of controversy in the instant matter exceeds the statutory minimum of $75,000.00.

3. Venue is proper in Florence Division because the Plaintiff resides in Florence County and Defendant transacted business in this division.

## PARTIES

4.    The Plaintiff, Kay H. Parker, is a resident and citizen of the State of South Carolina, Florence County, and is over the age of twenty-one (21) years.

5.    Defendant, Wells Fargo Bank, N.A., is a Delaware corporation and may be served with process through its registered agent, Corporation Service Company, 1703 Laurel St., Columbia, SC 29201. In all respects and at all times relevant herein, Defendant has been  doing business in the state of South Carolina.

## FACTUAL ALLEGATIONS

6.    Beginning in 2014, Defendant began attempting to collect an alleged debt from Plaintiff. To effectuate collection, Defendant made multiple telephone calls to Plaintiff's home and cellular telephones each week in an effort to harass, coerce or otherwise annoy Plaintiff into paying an alleged debt.

7.    Plaintiff is a seventy-seven year old widow who has been subjected to the harassing telephone calls of Defendant throughout 2014.

8.    The calls were of such a volume that Plaintiff has not been allowed a moment of peace, even in her own home, and lives in constant dread of Defendant's continuous harassing telephone calls made in an attempt to collect an alleged debt.

9.    Plaintiff has filed a complaint with the South Carolina Department of Consumer Affairs regarding the conduct of Defendant.

10.    The telephone calls placed to Plaintiff's cellular telephone were made through the use

of an automatic telephone dialing system as defined by 47 U.S.C. § 227.

11. Defendant repeatedly called Plaintiff on a number that was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

12. Plaintiff did not expressly consent to Defendant's placement of telephone calls to her cellular telephone by the use of an automatic telephone dialing system pursuant to 47 U.S.C. §227(b)(1)(A). Any consent that Defendant alleges to have received from Plaintiff was explicitly revoked by Plaintiff and thus each and every call by Defendant to Plaintiff on her cellular telephone was made without prior express consent and a violation of the TCPA.

13. None of Defendant's telephone calls placed to Plaintiff were for emergency purposes as defined by 47 U.S.C. §227 (b)(1)(A)(I).

14. The telephone calls made by Defendant were in violation of 47 U.S.C. §227(b)(1).

## **COUNT ONE**
Negligent Violation of the Telephone Consumer Protection Act

15. Plaintiff hereby adopts all of the allegations set forth in paragraphs 6 through 14 as if set forth fully herein

16. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

17. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.,* Plaintiff is

entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C.§ 227(b)(3)(B).

## COUNT TWO
Willful Violation of the Telephone Consumer Protection Act

18.     Plaintiff hereby adopts all of the allegations set forth in paragraphs 6 through 17 as if set forth fully herein

19.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

20.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 *et seq.*, Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(c).

## COUNT THREE
Violation of the South Carolina Consumer Protection Code

21.     Plaintiff hereby adopts all of the allegations set forth in paragraphs 6 through 20 as if set forth fully herein

22.     Defendant has engaged in unconscionable collection activities and practices in violation of the South Carolina Consumer Protection Code with respect to the Plaintiff's alleged consumer debt. Defendant's conduct is covered by the South Carolina Consumer Protection Code as the debt in question is a consumer loan, as

defined in S.C. Code Ann. §37-3-104, and is not a first lien against real estate.

23. Defendant violated §37-5-108(5)(b) by repeatedly calling Plaintiff multiple times per day. The purpose of said communications was to harass Plaintiff into paying an alleged debt.

24. Defendant violated §37-5-108(5)(b)(vii) by causing Plaintiff's telephone to ring repeatedly during a twenty-four hour period with the intent to annoy, abuse, or harass Plaintiff.

25. The above violations of the South Carolina Consumer Protection Code by Defendant entitles Plaintiff to not less than one hundred ($100.00) dollars and not more than one thousand ($1,000.00) dollars in statutory damages for each violation, as well as attorney fees and costs.

26. Plaintiff claims the above statutory damages, actual damages, attorneys' fees and costs.

### COUNT FOUR
Invasion of Privacy

27. Plaintiff hereby adopts all of the allegations set forth in paragraphs 6 through 26 as if set forth fully herein

28. South Carolina state law recognizes Plaintiff's right to be free from invasions of privacy in such a manner as to outrage or cause serious mental suffering, shame, and humiliation to Plaintiff.

29. Defendant intentionally intruded upon Plaintiff's right to privacy by continually

harassing Plaintiff with telephone calls to her home and cellular telephone to collect an alleged debt.

30.    Defendant called Plaintiff multiple times per day in an attempt to collect an alleged debt.

31.    The United States Supreme Court has made clear that a person's home is her castle. *Weeks v. United States*, 232 U.S. 383, 390 (1914). As such, Plaintiff should not be subjected to unwanted and harassing collection calls to collect an alleged debt.

32.    The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency that they were outrageous, caused Plaintiff serious mental suffering and invaded Plaintiff's privacy.

33.    The conduct of Defendant in engaging in the systematic campaign of harassment by repeatedly telephoning Plaintiff demonstrates Defendant's blatant and shocking disregard for Plaintiff's rights and resulted in multiple invasions of Plaintiff's privacy in such a way as would be considered highly offensive to a reasonable person.

34.    As a result of the intrusions and invasions into Plaintiff's privacy, Plaintiff is entitled to compensatory damages in an amount to be determined by a struck jury.

35.    Additionally, as all of the acts undertaken and performed by Defendant and its employees and/or agents were committed with malice, intent, wantonness, and recklessness, Plaintiff is also entitled to punitive damages from Defendant.

## COUNT FIVE
### Negligent Training and Supervision

36.    Plaintiff hereby adopts all of the allegations set forth in paragraphs 6 through 35 as if set forth fully herein

37.    Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon Plaintiff.

38.    Defendant knew or should have known that said conduct was improper and in violation of the TCPA and the laws of the State of South Carolina.

39.    Defendant negligently failed to train and supervise its agents and employees in order to prevent said improper and unconscionable conduct.

40.    Defendant negligently failed to train and supervise its agents and employees on the Telephone Consumer Protection Act and the South Carolina Consumer Protection Code.

41.    As a result of the Defendant's negligence, Plaintiff suffered pecuniary losses, and worry, mental anguish, physical sickness and suffering, embarrassment and humiliation.

## COUNT SIX
### Reckless and Wanton Training and Supervision

42.    Plaintiff hereby adopts all of the allegations set forth in paragraphs 6 through 41 as if set forth fully herein

43.    Defendant knew or should have known of the conduct set forth herein which was

directed at and visited upon Plaintiff.

44.    Defendant knew or should have known that said conduct was improper and in violation of the TCPA and the laws of the State of South Carolina.

45.    Defendant recklessly and wantonly failed to train and supervise its agents and employees in order to prevent said improper and unconscionable conduct.

46.    Defendant recklessly and wantonly failed to train and supervise its agents and employees on the Telephone Consumer Protection Act and the South Carolina Consumer Protection Code.

47.    As a result of the Defendant's reckless and wanton conduct, Plaintiff suffered pecuniary losses, and worry, mental anguish, physical sickness and suffering, embarrassment and humiliation.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court:

a.    Enter judgment in favor of Plaintiff;

b.    Award statutory damages of $500.00 from Defendant for each and every negligent violation of the TCPA;

c.    Award treble statutory damages of $1,500.00 for each and every call made to the Plaintiff's cell phone by Defendant as each and every call was a knowing and/or willful violation of 47 U.S.C. §227 *et seq.*;

d.    Award $1,000.00 statutory damages under S.C. Code Ann. §37-5-108, plus actual damages and attorneys' fees and costs for Defendant's violation of the

South Carolina Consumer Protection Code;

e.    For compensatory and punitive damages in an amount to be determined by the jury for Defendant's negligent, reckless, willful and wanton training and supervision and Defendant's invasion of privacy;

f.    For any such other relief as the Court may award at law or equity; and

g.    For this matter to be heard by a struck jury.

_/s/ Penny Hays Cauley_____
Penny Hays Cauley (Fed. ID 10323)
Attorney for Plaintiff

**Of Counsel:**
HAYS CAULEY, P.C.
1303 W. Evans St.
Florence, SC 29501
Telephone: (843) 665-1717
Facsimile:  (843) 665-1718
phc917@hayscauley.com

**PLAINTIFF  DEMANDS A TRIAL BY STRUCK JURY ON ALL CLAIMS**

_/s/ Penny Hays Cauley_____
Penny Hays Cauley
Attorney for Plaintiff

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**
Wells Fargo Bank, N.A.
c/o Corporation Service Company - registered agent
1703 Laurel St.
Columbia, SC 29201